[Cite as *Best v. Ohio Dept. of Transp.* , 2010-Ohio-6334.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN BEST

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-05820-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On January 15, 2010, at approximately 5:35 a.m., plaintiff, Susan Best, was traveling north on Interstate 75, "near Middletown, exit" in a roadway construction area, when her 2010 Toyota Corolla struck a pothole causing tire and wheel damage to the vehicle. Plaintiff contended that her property damage was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a hazardous roadway condition in a working construction area on Interstate 75 in Warren County. Plaintiff seeks damage recovery in the amount of $399.77, the cost of replacement parts and related repair expenses. The filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant acknowledged that the roadway area where plaintiff's incident occurred was located within the limits of a working construction project under the control of ODOT contractor John R. Jurgensen Company (Jurgensen). Defendant explained that this particular project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange reconstruction of SR 122 and bridge replacements at several locations

Case No. 2010-05820-AD - 2 - ENTRY

in Butler and Warren Counties." According to defendant, the construction project limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's incident occurred "at state milepost 32.30," a location within the construction area limits. Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present onsite conducting inspection activities.

Case No. 2010-05820-AD - 3 - ENTRY

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate that one call was received regarding a pothole on I-75 but it is not in the same location as Plaintiff Best's incident." The submitted complaint shows that a complaint about a pothole on Interstate 75 at milepost 32.820

Case No. 2010-05820-AD          - 5 -                    ENTRY

was received on January 15, 2010.  Defendant advised that, "[i]t should be noted this portion of I-75 has an average daily traffic volume of 70,000, however, and only one call was received for I-75 prior to plaintiff's alleged incident."  Defendant contended that plaintiff failed to offer any evidence of negligent roadway maintenance on the part of ODOT and failed to produce evidence to establish that her property damage was attributable to conduct on either the part of ODOT or Jurgensen.

{¶ 6}  Defendant submitted a letter from Jurgensen Safety Manager, Travis Roberts, who recorded that Jurgensen was notified of a pothole "on NB I-75 near SR-122" by the Ohio State Highway Patrol at approximately 9:00 p.m. on January 14, 2010. According to Roberts, that pothole was promptly patched by Jurgensen personnel beginning at 9:45 p.m.  Roberts noted that when the pothole was patched at 9:45 p.m. "[t]wo (2) lanes of traffic were closed due to the large size of the pothole; the pothole was approximately 3.5 ft. x 28 ft."  According to Roberts, the massive pothole was patched with cold patch material, had formed in existing area of pavement not presently under construction, and was completely repaired by 2:00 a.m. on January 15, 2010. Roberts reported that, "[f]our (4) hours later (Jurgensen) was contacted that a hole had reformed" and this time repairs were made by ODOT personnel using cold patch

material.  Roberts pointed out that ODOT subsequently directed Jurgensen to close two lanes of traffic and repair the pothole with hot mix asphalt and that these repairs were completed by 7:30 p.m. on January 15, 2010.  Roberts reported that Jurgensen "closed two (2) lanes of traffic on I-75 NB from State Route 63 to State Route 122" on January 16, 2010.  Roberts also reported that "[t]his section of roadway was cold planed and repaved upon approval from ODOT."  The referenced section of Interstate 75 North was from approximate milepost 29.1 to 32.8.  Submitted time sheets for work performed in patching the pothole on the night of January 14, 2010, reflect that four tons of cold mix material were used to implement repairs.  It appears from the time sheet dated January 15, 2010 that 59.21 tons of asphalt were used to effectuate pothole repairs on that date.  The submitted January 16, 2010 time sheet indicates that pothole repair was performed starting at 5:00 a.m.

{¶ 7}  Plaintiff filed a response disputing defendant's denial that neither ODOT nor Jurgensen had notice of the pothole at milepost 32.30 on Interstate 75 prior to her damage event.  Plaintiff pointed out that Jurgensen Safety Manager, Travis Roberts, in his submitted letter, acknowledged that the particular damage-causing pothole was patched by Jurgensen by 2:00 a.m. on January 15, 2010 and had recurred less than

four hours later on that same date.  In referencing the Roberts letter, plaintiff referred to the notation about ODOT personnel patching the reformed pothole and asserted that this constitutes evidence ODOT assumed maintenance responsibility for the roadway area in question.

{¶ 8}  In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public.  *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112.  In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects.  See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 9}  In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to

Case No. 2010-05820-AD - 8 - ENTRY

reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is insufficient evidence ODOT or Jurgensen had actual notice that the pothole had reformed prior to plaintiff's incident at 5:35 a.m. on January 15, 2010. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

Case No. 2010-05820-AD          - 9 -                    ENTRY

Case No. 2010-05820-AD          - 9 -                    ENTRY

{¶ 12} Generally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 13} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Ordinarily size of a defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. However, the massive size of a defect coupled with the knowledge that the pothole presented a recurring problem is sufficient to prove constructive notice. *Fite v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-05757-AD, 2009-Ohio-7124.

{¶ 14} Additionally, plaintiff has produced evidence to infer that defendant maintains the roadway negligently. *Denis.* Plaintiff's evidence submitted shows that the particular damage-causing pothole was formed when an existing patch deteriorated. This fact alone does not provide conclusive proof of negligent maintenance. A pothole

Case No. 2010-05820-AD      - 10 -      ENTRY

patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618; *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. Evidence has shown that plaintiff's vehicle was damaged by a pothole that had been patched on January 14 and 15, 2010 and the repair patch failed by 5:35 a.m. on January 15, 2010.

{¶ 15} The fact that the pothole plaintiff's car struck deteriorated in a time frame of a matter of hours warrants application of the standard expressed in *Matala*; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288; *Romes v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-01826-AD, 2008-Ohio-4624. Defendant is liable to plaintiff for the damage claimed $399.77, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



Court of Claims of Ohio

Case No. 2010-05820-AD                    - 11 -                                   ENTRY

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN BEST

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-05820-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE
DETERMINATION</u>

Case No. 2010-05820-AD          - 12 -                    ENTRY

Case No. 2010-05820-AD          - 12 -                    ENTRY

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $427.77, which includes the filing fee. Court costs are assessed against defendant.

MILES C. DURFEY
Clerk

Entry cc:

Susan Best                          Jolene M. Molitoris, Director
1200 Riebel Ridge Road              Department of Transportation
New Richmond, Ohio  45157           1980 West Broad Street
                                    Columbus, Ohio  43223

RDK/laa
7/15

Case No. 2010-05820-AD        - 13 -                    ENTRY

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SUSAN BEST

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-05820-AD

Deputy Clerk Daniel R. Borchert

NUNC PRO TUNC ENTRY

Case No. 2010-05820-AD - 14 - ENTRY

Case No. 2010-05820-AD - 14 - ENTRY

On September 8, 2010, this court issued a memorandum decision and entry of administrative determination rendering judgment in favor of the plaintiff in the amount of $427.77, which included reimbursement of the $25 filing fee. A review of the claim file reveals that plaintiff's policy with Ohio Casualty had a $250.00 deductible. Accordingly, the September 8, 2010 entry of administrative determination is amended and plaintiff is granted judgment in the amount of $275.00. Court costs are assessed against defendant.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Case No. 2010-05820-AD    - 15 -      ENTRY

Case No. 2010-05820-AD    - 15 -      ENTRY

Susan Best       Jolene M. Molitoris, Director
1200 Riebel Ridge Road    Department of Transportation
New Richmond, Ohio  45157   1980 West Broad Street
           Columbus, Ohio  43223

DRB/laa
Filed 9/8/10
Sent to S.C. reporter 12/17/10