[Cite as *Rybarczyk v. Ohio Dept. of Transp.*, 2011-Ohio-1858.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL RYBARCZYK, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants
    Case No. 2009-06354

Judge Alan C. Travis

DECISION

{¶ 1} Plaintiff brought this action in negligence[1] against the Ohio Department of Transportation (ODOT), for injuries suffered when his motorcycle crashed on State Route 800 (SR 800) in Monroe County. The incident occurred on May 29, 2008.

{¶ 2} Plaintiff and three friends, members of the police department of the city of Cleveland, Ohio, were on a motorcycle ride from Cleveland to Marietta, Ohio. The trip took the riders along SR 800 in Monroe County. SR 800 is a two-lane, asphalt highway maintained by ODOT.

{¶ 3} On the morning of May 29, 2008, ODOT assigned a road-patching crew to repair potholes on SR 800. The parties stipulated that the potholes were patched around 8:00 a.m. at or near where plaintiff was injured. ODOT employee, Terrill Wickham, testified to the process of patching potholes. First, debris is removed from

---

[1]The complaint included a claim of loss of consortium brought by Iris Rybarczyk, plaintiff's spouse. Plaintiff's spouse did not testify at trial and no other testimony was presented in support of the claim. To

the pothole. The hole is then filled with a heated patching material made up of gravel and asphalt. The patch is smoothed out with a shovel and then compacted by driving a pickup truck over the newly filled hole. Finally, the crew scrapes off and removes excess patching material.

{¶ 4} Plaintiff and his friends were riding in single file and within the posted 55 miles per hour (mph) speed limit. They slowed to approximately 35 mph as they approached a curve. As they entered the curve, they encountered a quantity of gravel on the surface of the highway. John Kraynik testified that there was no warning; that the gravel came into sight as he came around the curve. In essence, when he saw the gravel, he was in the midst of it. The gravel made a considerable amount of noise as it hit his fenders. Kraynik saw plaintiff encounter the gravel, lose control of his motorcycle, slide and spin, and then crash in a ditch at the side of the road. The gravel they encountered was the same color as the aggregate in the pothole-patching material and appeared to come from the pothole patches.

{¶ 5} James Muhic was leading the group of riders. When he came upon the gravel, he was immediately concerned, knowing that gravel on a roadway is a safety hazard. Muhic likened it to riding on marbles. Muhic said it was obvious that the loose stone came from the newly patched potholes on the highway.

{¶ 6} Plaintiff had over 30 years experience riding motorcycles. He was familiar with and comfortable with his motorcycle. As he began to enter the curve, plaintiff suddenly came upon gravel strewn on the road surface. He felt the front wheel lose traction and then the rear of the motorcycle slid out from under him and he crashed. His injuries included a broken ankle. Plaintiff said there was no doubt that the gravel that caused his crash was from the pothole patches.

{¶ 7} Darin Landefeld was part of the crew that had been sent to patch the potholes on the curve where plaintiff crashed. Landefeld reviewed photographs of the scene that were taken while plaintiff was being attended to by emergency medical personnel. He stated that it was possible that some of the patching material had not adhered to the surface of the road and that the patch had deteriorated. He acknowledged that the photos showed that some material was coming loose from the

---

the extent that a claim of loss of consortium remains pending, judgment is rendered in favor of defendant.

repair. Terrill Wicham, also with ODOT, examined the photographs of the scene and he agreed that the material shown in the photos should not have been strewn over the roadway.

{¶ 8} In order for plaintiff to prevail upon his claim of negligence, they must prove by a preponderance of the evidence that defendant owed them a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 9} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App.2d 335. Its duty is set forth in multiple provisions of the Ohio Revised Code. *In re Estate of Marlee Grace Morgan v. Ohio Dept. of Transp.* Franklin App. Nos. 09AP-362 and 09AP-382, 2010-Ohio-5969. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App.3d 189; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App.3d 723.

{¶ 10} A road-repair or pothole-patch that deteriorates in less than ten days is generally considered to be prima facie evidence of negligence. See *Best v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2010-05820-AD, 2010-Ohio-6334, ¶14. In this case, a preponderance of the evidence demonstrates that the repairs made by ODOT employees on the morning of May 29, 2008, were either improperly performed or had failed by 1:45 p.m. on the same day. Landefeld conceded that photographs of the scene probably show that some of the patching material had come loose from the patch applied that morning. The photographs taken at the time of the accident show black, asphalt-coated aggregate strewn over the roadway. The uncontroverted testimony of plaintiff and plaintiff's witnesses was that they encountered this dangerous condition as they drove into the curve on SR 800 and that the deteriorated patching material caused plaintiff to lose control of his motorcycle and crash.

{¶ 11} Accordingly, the court finds that plaintiff has proven by a preponderance of the evidence that defendants breached their duty to properly maintain SR 800, resulting

---

Accordingly, Michael Rybarczyk is the sole plaintiff in this claim.

in damages to plaintiff.  Judgment shall therefore be entered in favor of plaintiff on his claim of negligence.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL RYBARCZYK, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF TRANSPORTATION, et al.

    Defendants
    Case No. 2009-06354

Judge Alan C. Travis

JUDGMENT ENTRY

This case was tried to the court on the issue of liability.  The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of plaintiff on his claim of negligence.  The case will be set for trial on the issue of damages.

Judgment is rendered in favor of defendants on Iris Rybarczyk's claim of loss of consortium.

_____
ALAN C. TRAVIS
Judge

cc:

Brian M. Kneafsey, Jr.
Jennifer A. Adair
Paula Luna Paoletti
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Jeffrey A. Leikin
1370 Ontario Street, Suite 100
Cleveland, Ohio 44113

ACT/cmd
Filed March 31, 2011/To S.C. reporter April 12, 2011